

**FILED**

DEC 21 2015

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>                Plaintiff,<br><br>vs.<br><br>NORTH DAKOTA PUBLIC HEALTH,<br>ROSS BRANDBORG, BRANDBORG &<br>GAST, FARGO POLICE DEPARTMENT,<br>OFFICER PATRICK MEYER,<br><br>                Defendants. | 4:15-CV-04151-LLP<br><br><br>ORDER DENYING MOTION TO<br>APPOINT COUNSEL, DENYING<br>MOTION TO DISMISS RELIEF,<br>DENYING MOTION TO AMEND<br>RELIEF, AND DISMISSING<br>COMPLAINT |

## INTRODUCTION

Plaintiff, Diw Bol Kiir filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Docket 1. On October 27, 2015, this Court granted Kiir's motion to amend his complaint. Docket 12. Kiir is an inmate at the MCJ in Sioux Falls, South Dakota. The court "screened" his complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a claim upon which relief may be granted. Kiir also moves the court to appoint counsel, moves to dismiss his requested relief, and moves to amend his requested relief. Because his complaint is dismissed, these motions are denied as moot.

## FACTUAL BACKGROUND

According to his amended complaint, Kiir took the bus from Seattle to Fargo, North Dakota on March 17, 2015. Docket 13 at 1. After exiting the bus,

he was approached by Officer Patrick Meyer while standing in the parking lot. *Id.* at 2. Officer Meyer asked Kiir his name, and Kiir responded by saying, "What seems to be the problem, Officer?" *Id.* Officer Meyer grabbed Kiir and handcuffed him. *Id.* After bringing Kiir to an ambulance, Officer Meyer searched Kiir and found bags of marijuana under his shirt. *Id.* He was arrested and taken to Cass County Jail. *Id.*

Ross Brandborg was appointed by the court to defend Kiir. *Id.* at 4. During Kiir's time in jail, Brandborg would not talk to him, and only visited Kiir twice. *Id.* When Kiir left messages, Brandborg did not respond. *Id.* On June 16, 2013, Brandborg visited Kiir and told him of the plea deal he was offered which included 90 days' time served and 2 years' probation. *Id.* at 4-5. He told Kiir if he did not take the deal, he would lose at trial. *Id.* at 5. In order to get out of jail, which was causing his mental health to deteriorate, Kiir accepted the plea. *Id.* Kiir previously told Brandborg that the jail was forcing him to take unhealthy medication, but Brandborg said he could do nothing about it. *Id.*

In relief, Kiir asks this court to overturn his conviction. *Id.* He also asks for compensation for mental and emotional damages from all defendants. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835,

839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

## DISCUSSION

### I. Kiir's Claims

Liberally construed, Kiir's amended complaint raises a claim against Officer Meyer and the Fargo Police Department for an illegal search in violation of the Fourth Amendment as well as a claim against Brandborg for ineffective assistance of counsel in violation of the Sixth Amendment. Both of these claims appear to be habeas claims. This is supported by the fact that Kiir requests that this court overturn his sentence. The United States Supreme Court held, "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)

3

(citations and quotations omitted). Kiir, therefore, fails to state a claim, and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). This dismissal has no effect on Kiir's potential habeas claim concerning his conviction, as that claim must be brought first in state court.

Because Kiir's complaint is dismissed, all of his motions are denied as moot.

## II.  Kiir's Filing Fees

Both the legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA) instruct that unsuccessful prison litigants, like other litigants, do not receive their filing fees back if their cases are dismissed. The fact that Kiir's case is dismissed pursuant to § 1915 does not negate his obligation to pay the fee. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided because the case is dismissed. *Anderson v. Sundquist*, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). Kiir remains responsible for the balance of the $350.00 filing fee.

Kiir is advised that the dismissal of this lawsuit will be considered his second "strike" for purposes of the Prison Litigation Reform Act.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Accordingly, it is ORDERED

1. Kiir's amended complaint (Docket 14) is dismissed without prejudice.

2. Kiir's motion to appoint counsel (Docket 4) is denied as moot.

3. Kiir's motion to dismiss relief (Docket 18) is denied as moot.

4. Kiir's motion to amend relief (Docket 19) is denied as moot.

5. This action constitutes the second strike against Kiir for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated this 21st day of December, 2015.

BY THE COURT:

*(signature)*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *(signature)*
Deputy